**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANIEL L. RITTNER, SR.,**

      **Plaintiff,**

  **vs.**                             **Civil Action 2:07-CV-413
                                    Judge Graham
                                    Magistrate Judge King**

**GEORGE HUGGINS,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

      Plaintiff, a state inmate, has filed a complaint which consists of 68 pages and attached exhibits, and which names twenty-six (26) defendants. *Complaint,* Doc. No. 14. Earlier in the litigation, the United States Magistrate Judge denied plaintiff's request that the Clerk be directed to provide him sufficient copies of the *Complaint* to effect service of process on each of the defendants. *Order,* Doc. No. 17. The Magistrate Judge suggested that, instead, plaintiff copy the *Complaint* by hand, attaching copies of the exhibits to each copy, in order to permit the United States Marshal Service to effect service of process on each of the defendants. *Id.* The Court also permitted plaintiff to seek leave to further amend the *Complaint* in order to reduce the length and scope of the allegations. *Id.* Finally, the Court reminded plaintiff that, unless granted an extension, he had until June 14, 2008, to assure that service of process had been completed on each defendant. *Id.* (citing F.R. Civ. P. 4(m)). This matter is now before the Court on plaintiff's motion to reconsider that order and to authorize service of process on six defendants[1] by means of publication, Doc. No. 19 ("*Motion to Serve by Publication*"), and on plaintiff's motion to continue, Doc.

---

[1] The defendants whom plaintiff wishes to serve by publication are defendants "Dr. Daudna, optometrist, ... Dr. Green, optometrist, ... [fnu] Sizemore, correctional officer, ... Dr. Robert Washnitzer, medical doctor, ... Dr. Jose Ventosa (sic), medical doctor, ... Mike McCourt, health care administrator." Doc. No. 20, p.2.

No. 38.

Rule 4 of the Federal Rules of Civil Procedure provides that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." F.R. Civ. P. 4(c)(1). Moreover, the Court must order service by the United States Marshal if, as here, the plaintiff is authorized to proceed *in forma pauperis*. F. R. Civ. P. 4(c)(3). Plaintiff seeks reconsideration of the order of the United States Magistrate Judge denying his request to require the Clerk to provide sufficient copies of the 68-page *Complaint* to permit service of process on the 26 named defendants. In support of his request to reconsider, plaintiff asserts generally that other courts have not required that he provide a copy of the complaint for each defendant. *See*, Doc. No. 38. Plaintiff also claims that he suffers "disabling arthritis of his hands," *Id.,* at p.2 (emphasis in original).

Plaintiff's assertion of disability is not made under penalty of perjury. Moreover, plaintiff -- who has amply demonstrated his ability to generate filings significant in both quantity and length -- has not established that he has even attempted to comply with the various options articulated by the United States Magistrate Judge. Under these circumstances, the Court concludes that the Order of the United States Magistrate Judge, *Order,* Doc. No. 17, is neither clearly erroneous nor contrary to law. *See Cf.* 28 U.S.C. §636(b). Plaintiff's motions to reconsider that *Order,* Doc. Nos. 19, 38, are therefore **DENIED.**

Plaintiff will be **GRANTED** an additional period of time, until January 15, 2009, to provide the documents required to effect service of process by the United States Marshal Service on each defendant. *See* F.R. Civ. P. 4(m). *See* F.R. Civ. P. 4(m).

Plaintiff also asks that service of process be made by publication on six defendants whose addresses are unknown to plaintiff. Ordinarily, service of process on an individual is made by delivering a copy of the summons and of the complaint to the individual personally, by leaving a copy of each at that individual's residence "with someone of suitable age and discretion who resides there," or by delivering a copy of each to an authorized agent. F.R. Civ. P. 4(e)(2)(A), (B), (C). Alternatively, service may be made in accordance with state law. F.R. Civ. P. 4(e)(1). Plaintiff specifically asks that he be permitted to effect service of process by publication on the six defendants pursuant to F.R. Civ. P. 4(e)(1) and Ohio R. Civ. P. 4.4. *Affidavit in Support of Motion to Reconsider,* Doc. No. 20.

Ohio law limits service by publication to certain categories of cases. O.R.C. §2703.14. *See Sizemore v. Smith,* 6 Ohio St.3d. 330 (1983). As applicable to this case, service by publication may be made

> in an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent.

O.R.C. §2703.14(L). Moreover, Rule 4.4(A)(1) of the Ohio Rules of Civil Procedure authorizes service by publication where the residence of the defendant is unknown and "cannot be ascertained with reasonable diligence." The Ohio Supreme Court has held that "where reasonable diligence has been exercised and a defendant still has not been found there arises an inference of concealment." *Sizemore,* 6 Ohio St.3d at 332-33; *see also Brooks v. Rollins,* 9 Ohio St.3d 8 (1984), syllabus.

In support of his request, plaintiff has submitted an affidavit in which he recounts the efforts taken by him to learn the addresses of the six defendants. *Affidavit of Plaintiff,* Doc. No. 20.

3

Plaintiff asked an official at the Noble Correctional Institution for the addresses of 20 staff members, including these six. *See Exhibit A,* attached to *Affidavit of Plaintiff.* Plaintiff was provided the addresses of all except these six, who are apparently no longer employed by the Ohio Department of Rehabilitation and Correction. *Id.* As it relates to defendant McCourt, plaintiff was apparently advised by a prison official that this defendant is an "RN." *Exhibit C,* attached to *Affidavit of Plaintiff.* However, the Ohio Board of Nursing has no record of a Michael McCourt in its files. *Exhibit B,* attached to *Affidavit of Plaintiff.* Plaintiff has determined that defendant Dr. Washnitzer resides in Cuyahoga County, Ohio, *see Exhibit D,* attached to *Affidavit of Plaintiff,* but he does not have a specific address for this defendant.

Plaintiff has not established that any of the six defendants "has departed from the county of his residence with intent to ... avoid the service of a summons ...," O.R.C. §2703.14(L), nor has plaintiff established that the residence of each of these defendants "cannot be ascertained with reasonable diligence." *See Sizemore,* 6 Ohio St.3d at 332-33. Particularly is this so in light of the fact that plaintiff could seek the address of these defendants in a discovery request of other defendants once he has effected proper service of process on those defendants. Accordingly, plaintiff's request that he be permitted to effect service of process by publication, Doc. No. 19, is **DENIED.**

This *Order* resolves the motions reflected in Doc. Nos. 19, 38. The Clerk is **DIRECTED** to remove these motions from the Court's pending motions list.

S/ James L. Graham<br>
James L. Graham<br>
United States District Judge

Date: December 1, 2008